UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE M.,[1] | : | Case No. 2:22-cv-3744 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Catherine M. brings this case challenging the Social Security Administration's denial of her application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), and the administrative record (Doc. #7).

**I.      Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on June 26, 2020, alleging disability due to several impairments, including blind or low vision; fibromyalgia; arthritis; degenerative disks, upper and lower back; chronic acute bilateral lower back pain; diabetes; asthma; obesity; irregular heartbeat (flat lines every 3-4 beats); and weekly debilitating migraines. (Doc. #7-6, *PageID* #293). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a telephone hearing before Administrative Law Judge ("ALJ") Irma J. Flottman. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. She reached the following main conclusions:

> Step 1: Plaintiff has not engaged in substantial gainful activity since December 17, 2019, the alleged onset date.
>
> Step 2: She has the following severe impairments: osteoarthritis of the left knee; left Achilles' tendon partial tear; left Haglund's deformity exostosis; fibromyalgia; type II diabetes mellitus with diabetic neuropathy; low vision; and obesity.
>
> Step 3: She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work …[ ] except [Plaintiff] can occasionally push, pull, and operate foot controls with the lower left extremity. She cannot climb ladders, ropes, and scaffolds. Additionally, [Plaintiff] can occasionally climb ramps and stairs, as well as frequently stoop, kneel, crouch and crawl. Moreover, [Plaintiff] must avoid all exposure to hazards, including unprotected

>> heights, work around moving machinery, and no commercial driving. Due to blurred vision during use of computers screens, [Plaintiff] is precluded from using a computer in a work setting."
>
> Plaintiff is unable to perform any past relevant work.
>
> Step 5: Considering her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #7-2, *PageID* #s 87-95). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since December 17, 2019. *Id.* at 95.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 85-95), Plaintiff's Statement of Errors (Doc. #8), and the Commissioner's Memorandum in Opposition (Doc. #9). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.**     **Discussion**

On appeal, Plaintiff raises two assignments of error. (Doc. #8, *PageID* #s 528-35). First, she alleges that the ALJ erred in her evaluation of Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms. *Id*. at 529-33. Her second argument is that the ALJ erred in her assessment of Plaintiff's residual functional capacity ("RFC"). *Id*. at 533-35.

In response, the Commissioner maintains that the ALJ reasonably concluded that Plaintiff's allegations of disabling symptoms were unsupported by the record and that she properly assessed Plaintiff's RFC. (Doc. #9, *PageID* #s 539-42).

**A.**     **Symptom Severity**

When a plaintiff alleges symptoms of disabling severity, the ALJ must follow a two-step process for evaluating those symptoms. *See* 20 C.F.R. § 404.1529; Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, *2-3 (October 25, 2017).[2] First, the ALJ must determine whether the individual has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity,

---

[2] SSR 16-3p, which "provides guidance about how [the SSA] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms," superseded SSR 96-7p and became applicable to decisions issued on or after March 28, 2016. *See* SSR 16-3p, 2017 WL 5180304 (October 25, 2017) (clarifying applicable date of SSR 16-3p).

persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *See also* 20 C.F.R. § 404.1529(c)(3).

In performing this assessment, the ALJ is not required to analyze all seven factors but must still show that she considered the relevant evidence. *Roach v. Comm'r of Soc. Sec.*, No. 1:20-CV-01853-JDG, 2021 WL 4553128, at *10–11 (N.D. Ohio Oct. 5, 2021). Indeed, the ALJ's assessment of an individual's subjective complaints and limitations must be supported by substantial evidence and be based on a consideration of the entire record. *Rogers*, 486 F.3d at 247 (internal quotation omitted). Finally, the ALJ's explanation of her decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248.

As noted above, Plaintiff argues that the ALJ's evaluation of her symptom severity is not supported by substantial evidence because the ALJ failed to consider her statements regarding the severe pain and numbness in her feet from her diabetic neuropathy. (Doc. #8, *PageID* #s 529-33). Plaintiff's argument is well-taken.

While the ALJ examined the evidence and outlined the proper procedure for evaluating Plaintiff's subjective statements, she not only failed to mention any of the factors set forth in SSR 16-3p and 20 C.F.R. § 404.1529(c)(3), but also failed to apply those factors to the evidence. Indeed,

5

after reciting the procedure for assessing Plaintiff's symptoms and summarizing her testimony and some of the medical evidence, the ALJ assessment of Plaintiff's physical symptom severity was limited to the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for [Plaintiff's] statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because physical examination were generally unremarkable, showing good range of motion (5/5) and strength. Diagnostic testing further showed only mild to moderate restrictions. (Exs. 2F-5F).

(Doc. #7-2, *PageID* # 92).

Thus, despite stating that her reasons were "explained in this decision[,]" the ALJ did not subsequently conduct any further analysis of Plaintiff's symptoms. *Id*. Such a failure is error. Indeed, while an ALJ is not required to consider every factor, simply "recit[ing] the factors is not enough, *see* SSR 16-3p, 2017 WL 5180304 at *10, and, in this case, the ALJ did not even do that.

This error is even more significant where, as here, there is considerable evidence supporting Plaintiff's subjective complaints that her pain significantly limits her ability to perform work-related activities. Indeed, when the ALJ asked Plaintiff at the hearing what problems impacted her ability to work, Plaintiff indicated that her greatest problem is her pain. (Doc. #7-2, *PageID* #152). Specifically, Plaintiff explained:

> My biggest problem is my amount of pain. I—with my peripheral neuropathy, my feet, it feels like I have Lego[s] stuck to the bottoms of them. If I put shoes and socks, it intensifies the pain. With my degenerative disks, the lower three disks in my back have started crumbling, so any standing, walking, even sitting for any

> length of time int wrong chair causes a great deal of pain. Beyond that with the fibromyalgia and the arthritis, I'm in pain from my head to my toes, 24/7.

*Id*. at 152-53.

As a result of this pain, Plaintiff also testified that she struggled completing daily activities, including grocery shopping, yardwork, housework, and even getting off the toilet. *Id*. at 153. Plaintiff's medical records also support these complaints. For instance, in a treatment record from her primary care physician, James Wittig, M.D., on June 9, 2021, Plaintiff presented with diabetic peripheral neuropathy, complaining of pain and numbness in her feet to the point where she cannot feel her toes. (Doc. #7-7, *PageID* #444). Plaintiff informed Dr. Witttig that "as soon as she puts her shoes and socks on, her feet become very painful." *Id*.  In a follow-up a month later, Plaintiff indicated that the medicine prescribed by Dr. Wittig helped the pain in her legs but not her feet, explaining that she still could not feel her toes and that the occasional burning in her feet makes her feel like she is "walking on hot rocks." *Id*. at 435-36. Plaintiff's pain in her feet persisted into November 2021, where she reported that her change in medication seemed to help for a week and then "did not seem to work as much." (Doc. #7-2, *PageID* #113). Furthermore, on January 24, 2022, Plaintiff underwent an EMG/NCV that showed axonal polyneuropathy, consistent with diabetic peripheral neuropathy. (Doc. #7-2, *PageID* #48).

While the ALJ acknowledged that Plaintiff's diabetes had caused her to experience neuropathy and that she was taking Neurontin for this condition, (Doc. #7-2, *PageID* #92) (citing Doc. #7-7, *PageID* #s 432-54), she failed to specifically discuss her complaints of foot pain beyond a general citation to her medical records supporting this condition. Thus, in the face of such

considerable evidence regarding Plaintiff's complaints of pain, the ALJ's failure to discuss these complaints in compliance with SSR 16-3p is error.

Simply put, the ALJ's failure to articulate the specific reasons for the weight given to Plaintiff's symptoms prevents the Court from being able to "reasonably discern the agency's path[,]" *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 260 (6th Cir. June 11, 2015), in contravention of the agency's regulations. *See* SSR 16-3p, 2017 WL 5180304 at *10 (the ALJ's "decision *must* contain specific reasons for the weight given to the individual's symptoms…and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.") (emphasis added); *see also Rogers*, 486 F.3d at 248 (holding that the ALJ's explanation of his decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."). As the ALJ committed an error of law, reversal is required. *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (holding that an error of law requires remand, even if the factual findings are otherwise supported by substantial evidence) (internal quotations and citations omitted).

For the foregoing reasons, Plaintiff's assignment of error is well-taken.[3]

**B.     Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to

determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits should be granted.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Statement of Errors (Doc. #8) is **GRANTED;**

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

January 25, 2024                                               *s/Peter B. Silvain, Jr.*
                                                               Peter B. Silvain, Jr.
                                                               United States Magistrate Judge